## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JON ABBOTT, | ) |
| Plaintiff, | ) Case No. 2:10-cv-00972-LRH-PAL |
| vs. | ) **ORDER** |
| HOME DEPOT U.S.A., INC., | ) |
| Defendants. | ) |

The court conducted a hearing on the parties' proposed Discovery Plan and Scheduling Order (Dkt. #11) on August 26, 2010. However, counsel for Plaintiff primarily involved in prosecuting this action was not available. The court, therefore, directed the parties to meet and confer and rescheduled the hearing for September 27, 2010. Carol Hay appeared on behalf of the Plaintiff, and Alan Westbrook appeared on behalf of the Defendant.

The Complaint in this case was filed in state court and removed (Dkt. #1) June 21, 2010. Defendant filed an Answer (Dkt. #6) June 30, 2010. The parties submitted a proposed Discovery Plan and Scheduling Order which requested an April 10, 2011 discovery cutoff–well beyond the 180 days deemed presumptively reasonable by L.R. 26-1(e).

This case involves injuries Plaintiff received on July 1, 2009 when a "Multi-Matic ladder" manufactured by Krause, Inc., and purchased from Defendant Home Depot collapsed. Plaintiff has sued Home Depot and does not anticipate naming any additional parties. The manufacturer is in bankruptcy. Plaintiff has retained an expert and may retain an additional metallurgist expert. The Plaintiff has disclosed his treating physicians and does not currently treat on a regular bases on any injuries related to the accident. Defendant has retained an expert, and may designate a metallurgist expert if Plaintiff does. Defendant will want to take the deposition of Plaintiff and a percipient witness,

and Plaintiff's treating physician, and may wish to request an independent medical examination. Additionally, Defendant will pursue discovery concerning Plaintiff's wage loss claim. Both sides may request discovery from the manufacturer of the ladder involved in this case. Counsel for Plaintiff has been largely unavailable for the past two (2) months as a result of family medical issues and a death in her family. Counsel for both sides originally requested a July 9, 2011 deadline for completing expert discovery but modified their request at the hearing and asked that the court allow 240 days rather than the standard 180 days in which to complete discovery.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. The parties' proposed Discovery Plan and Scheduling Order (Dkt. #11) is **NOT APPROVED** and is **DENIED.**

2. The court will approve the parties' request for 240 days in which to complete discovery, and the following Discovery Plan and Scheduling Order deadlines shall apply:

    a. Last date to complete discovery: **February 25, 2011.**

    b. Last date to amend pleadings and add parties: **November 27, 2010.**

    c. Last date to file interim status report: **December 27, 2010.**

    d. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **December 27, 2010.**

    e. Last date to disclose rebuttal experts: **January 26, 2011.**

    f. Last date to file dispositive motions: **March 27, 2011.**

    g. Last date to file joint pretrial order: **April 26, 2011**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

2. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

3. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be

1 | received no later than **4:00 p.m., February 5, 2011,** and shall fully comply with the
2 | requirements of LR 26-4.
3 | Dated this 27th day of September, 2010.

                                                                             Peggy A. Leen
                                                                             United States Magistrate Judge