ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
PERRY, SPANN & WESTBROOK
A Professional Corporation
1701 W. Charleston Blvd., #200
Las Vegas, Nevada 89102
Telephone:  (702) 870-2400
Facsimile:  (702) 870-8220
E-Mail:  awestbrook@perryspann.com
Attorneys for Defendant
HOME DEPOT, U.S.A., INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JON L. ABBOTT | ) |
| | ) Case No. 2:10-cv-00972-LRH-PAL |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT, U.S.A., INC., a Delaware | ) |
| Corporation a/k/a HOME DEPOT, DOES I-X | ) |
| and ROE CORPORATIONS I-X | ) |
| | ) |
| Defendants. | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

Subject to approval of this Court, the parties hereby stipulate to the following

Protective Order.

1.      All documents, materials, items, and/or information which contain or

comprise proprietary, confidential, development and/or commercial information produced

by Defendant to Plaintiff shall be governed by this Protective Order.

2.    Any information as defined above produced by Defendant, HOME DEPOT, U.S.A., INC. as part of discovery in this action may be designated "Confidential." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things of a proprietary business nature which might be of value to a potential competitor of the Defendant holding the proprietary rights thereto, and which must be protected from disclosure to any such third parties. Absent a specific order by this Court., information once designated as "Confidential" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

3.    To come within the provisions of this Protective Order, the producing party shall designate, in writing, the documents, information, or portions thereof it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder. In the instance of documents, the items produced must be marked "Confidential" by the producing party. In the instance of depositions, counsel may, in the record of the

deposition, designate the transcript or portion thereof as "Confidential" and only those identified in paragraphs 4 and 5 may then be present in the depositions.  The witness under deposition or his/her counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel that testimony about to be given is deemed "Confidential."  The designations should be made on the record whenever possible, but a party may designate portions of a deposition "Confidential" provided written notice of such designation is given no later than fifteen (15) days following receipt of the deposition transcript.

4.   Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to those parties or other persons who agree in advance to abide by this Protective Order and to whom it is necessary that the material be shown for purposes of this litigation.

5.   Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given shown, made available to, or communicated in any way only to (a) the trial counsel designated on the pleadings for the law firms of record in this action and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation; (b) consultants as defined in Paragraph 6 hereof

and pursuant to the provisions of Paragraph 7 hereof.

6.    For purposes of Paragraph 5(b) hereof, a consultant shall be defined as a person who is not an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a party.

7.    The intent of this agreement is to provide the producing party with the identity of all individuals who have been furnished copies of privileged documents, as opposed to being shown documents as a consultant.  The procedure for having a consultant or expert obtain copies of the information designated "Confidential" shall be as follows:

(a)    The party seeking to have a consultant who will be provided with the documents, as defined in Paragraph 6 hereof, shall provide the producing party, sixty days following the complete resolution of this matter:

(i)    the name of the designated person;

(ii)    the present employer and tittle of said designated person;

(iii)    a resume or curriculum vitae of said designated person;

(iv)    a written acknowledge in the form of the attachment A, hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound

by its terms.

8.     All confidential information covered by this order shall be kept in secure facilities at trial counsel's offices or the offices of the expert or consultant and access to those documents and facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5 and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality.  All counsel for the parties and consultants and experts who have access to confidential information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

9.     This paragraph is not approved by Judge Leen.

by

10.     If any document or information designated to be "Confidential" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped

with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

11.    If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically, identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.

12.    The trial statements submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

13.    The terms of this Protective Order shall apply to all manner and means of discovery, including inspection of records, documents, and tangible things.

14.    This Protective Order shall be effective on the date entered by the Court.

15.    At the conclusion of this action all originally produced confidential materials and/or information shall be placed in counsel's closed and sealed file and retained solely for the purposes of required retention and shall not be used in future cases,

or disseminated in any manner.  Further, any extra or additional copies of such

confidential materials and/or information shall be destroyed within 30 days of the

conclusion of this action.

Dated this ___ day of January, 2011.

PERRY, SPANN & WESTBOOK                GERALD I. GILLOCK & ASSOCIATES
A Professional Corporation                              01/11/2011


ALAN W. WESTBROOK, ESQ.                 CAROL F. HAY, ESQ.
Nevada Bar No. 6167                               Nevada Bar No. 8112
1701 W. Charleston, #200                          428 S. Fourth Street
Las Vegas, NV  89102                              Las Vegas, NV 89101
(702) 870-2400                                    (702) 386-0000
Attorneys for Defendant                           Attorneys for Plaintiff


IT IS SO ORDERED this 10th day of January, 2011.


_____
UNITED STATES MAGISTRATE JUDGE

Page 7 of 7